Hillsborough, } No. 3549.
June 28, 1945. }

WALTER H. BEASLEY *v.* BEULAH E. BEASLEY.

*William G. McCarthy* (by brief and orally), for the libelant.

*Chretien & Craig,* for the libelee.

PER CURIAM. It is unnecessary to decide how far the general rule relating to the acquisition of a domicile by a soldier on military duty would here be followed. With reference to that rule, see Restatement, Conf. of Laws, *s.* 21, *comment c;* Anno. 129 A. L. R. 1387, 1388; 28 C. J. S. 28, note 12; *West* v. *West,* 35 Haw. 461, and cases cited.

A domicile is "the place in which, both in fact and intent, the home of a person is established" (*Foss* v. *Foss,* 58 N. H. 283, 284),

and "whether or not a new domicile has been acquired is primarily a question of fact under all the circumstances of the particular case" (*Bailey* v. *Bailey, ante,* 259, 261).

The Presiding Justice was not obliged to believe the libelant's assertion that he regarded Manchester as his home, and the dismissal of the libel, after the Court had taken the libelant's testimony under advisement, included a finding that the plaintiff had not sustained his burden of proof. *Kidd* v. *Trust Co.,* 75 N. H. 154, 155, and cases cited.

*Exception overruled.*

MARBLE, C. J., was absent.