# DELBERT L. AND ANNE B. BJORK v.
# STATE TAX COMMISSION

Robert C. Anderson, Astoria, represented plaintiffs.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered November 8, 1967.

EDWARD H. HOWELL, Judge.

This appeal from the opinion and order of the tax commission involves the question of whether the plaintiffs were residents of and domiciled in Oregon for

the years 1946 to 1960, inclusive, and the year 1964, for the purposes of filing and paying personal income taxes to the State of Oregon.

From December, 1940, until November, 1963, plaintiff Delbert Bjork was a member of the armed forces serving in various states in the United States and overseas. The plaintiffs concede that they were residents of the State of Oregon and responsible for Oregon income taxes from the time Mr. Bjork entered the military service in December, 1940, until January, 1946. The defendant commission concedes that the plaintiffs were not domiciled in this state for the tax years 1961 to 1963, inclusive.

■ ORS 316.055 imposes a state income tax "upon every resident of the state." ORS 316.010(14) states that term "resident" includes all individuals who at any time during the tax year are domiciled in this state.

■ Oregon recognizes that a member of the armed forces may acquire a new domicile during a tour of military duty. *Volmer v. Volmer,* 231 Or 57, 371 P2d 70 (1962); *Zimmerman v. Zimmerman,* 175 Or 585, 155 P2d 293 (1945).

■ The primary question involves the plaintiffs' intention to abandon their domicile in Oregon and acquire a new one elsewhere. In the *Volmer* case, *supra,* the court said "the ordinary conduct of a person residing in this state incident to a military assignment here does not constitute sufficient evidence of the necessary domiciliary intent. To be relevant, *conduct must be probative of intent,* and not merely an incident of living in a given place." (Emphasis supplied.) The same rule would apply to a member of the armed forces acquiring a new domicile elsewhere than Oregon.

After attending the University of Oregon, and teaching in the Pendleton school system, plaintiff, then a reserve officer, was called to active duty with the United States Army in December, 1940. When he entered the armed forces he intended to return to Oregon and resume teaching when the war was over. From 1940 to the end of the war plaintiff was stationed at several camps and bases in the United States and in various overseas war theaters. At the end of the war he was offered the choice of a commission in the regular army or a release from active duty. He gave serious consideration to both alternatives. In January, 1946, he visited Pendleton and discussed the possibilities of returning to his former position with that school system. He was advised that the salary would be substantially less than what he would receive as a commissioned officer in the regular army. Consequently he decided to accept the commission and make the military service his career. In July, 1946, he received his commission in the regular army.

From 1940 to 1945 the plaintiff paid both federal and Oregon state income taxes. He was advised by the post legal officer that he could terminate his residence in the State of Oregon. Consequently in 1946, when he was stationed at San Antonio, Texas, he closed his checking and savings accounts in Oregon, opened similar accounts in San Antonio and attempted to purchase a house in Texas, all with the intent of abandoning his Oregon domicile. From 1946 until January, 1964, plaintiff was stationed in Texas, Kansas, Australia, Washington, D. C. (where he purchased a home in Arlington, Virginia) and in Finland as a military attache. He returned to Texas in August, 1960. They rented a house in Austin, Texas, for six months and finally purchased a house in that city.

Having completed over 30 years of reserve and active duty, plaintiff retired from the army in November, 1963, in Texas. In order to apply for a teaching certificate in Texas he enrolled in preparatory courses at the University of Texas. He also applied for a teaching certificate in Oregon. The Oregon authorities advised him that he could renew his former Oregon teaching certificate without taking any special courses such as those required for a teaching certificate in Texas.

In the fall of 1963 plaintiff was offered a teaching position at the Clatsop Community College in Astoria. On January 1, 1964, he and his eldest son established a home in Oregon and plaintiff started teaching at the Clatsop Community College. Mrs. Bjork and the other children remained in Texas until the end of the school year, sold their home in Austin, and rejoined Mr. Bjork in Astoria in the fall of 1964.

Although plaintiff voted by absentee ballot from Oregon in 1952, the record clearly supports his intention to abandon his residence and domicile in Oregon at the time he decided to accept a commission in the regular army in January, 1946, and not return to his former teaching position in Pendleton.

The tax commission found that plaintiff was not a resident of Oregon during 1961, 1962 and 1963. In addition, this court finds that plaintiff was not a resident of and domiciled in Oregon during 1946 through 1960.

■ As to 1964, plaintiff established a residence and domicile in this state when he started teaching at the Clatsop Community College in Astoria in January, 1964. Consequently plaintiff is liable for income taxes in Oregon for the tax year 1964.