Argued November 19, 1976, affirmed January 17, reconsideration denied February 23, petition for review denied May 17, 1977

In the Matter of the Dissolution of the Marriage of
BRYAN, *Appellant,*
*and*
BRYAN, *Respondent.*
(No. D76-01-00083, CA 6520)

558 P2d 1288

Barbara Page McFarland, Portland, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

[ 169 ]

## TANZER, J.

The issue in this marriage dissolution case is whether the trial court had personal jurisdiction over the husband, a domiciliary of Washington state, and could therefore order him to pay child support.

The parties were married in 1969 and have two children. In 1973 the wife, with her two sons, left the family home in Tacoma, Washington, and moved to her parents' home in Portland. She petitioned for dissolution of marriage two-and-a-half years later on January 5, 1976. The husband was personally served with process in Washington but he made no appearance in the suit. Following an ex parte hearing, a decree of dissolution of marriage was entered. The decree did not order child support because the court found that it lacked personal jurisdiction over the father.

The wife contends that the husband's failure to contribute to the support of his minor child,[1] who is a resident of Oregon, constitutes tortious activity within the state and therefore, pursuant to Oregon's long-arm statute, ORS 14.035, he was subject to the in personam jurisdiction of the trial court. ORS 14.035 provides in pertinent part:

"(1) Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:

"(a) The transaction of any business within this state;

"(b) The commission of a tortious act within this state;

"* * * * *

"(2)(a) If the parties to a marriage have concurrently

---

[1] At the time of the dissolution proceeding, only one of the couple's two children was living with the wife. The other child was in the custody of the father.

maintained the same or separate residences or domiciles within this state continuously for a period of six months, each party submits himself or herself to the jurisdiction of the courts of this state as to all personal obligations arising from a domestic relations suit instituted under ORS Chapter 106 or 107, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before the filing of such suit.

"(b) If a domestic relations suit instituted under ORS chapter 106 or 107 is not commenced within one year following the date upon which the party who left the state has acquired a residence or domicile in another state or country, paragraph (a) of this subsection shall not confer upon the courts of this state personal jurisdiction over the party that has left the state.

"* * * * *

"(4) Only causes of action or suit or proceedings arising from acts enumerated in this section may be asserted against a defendant in an action or suit or proceeding in which jurisdiction over such defendant is based upon this section.

"* * * * *."

We have today held that a filiation proceeding does not arise from a tortious act within the meaning of ORS 14.035(1)(b), and that long-arm jurisdiction cannot be obtained thereunder. *State ex rel McKenna v. Bennett,* 28 Or App 155, 558 P2d 1281 (1977). The reasoning of that case is generally applicable to marriage dissolution cases. The subject of the proceeding is the marriage itself. Failure to support need not be alleged, and this petition for dissolution does not do so; likewise an allegation that respondent has provided support is no defense.

There is an additional reason in the case of dissolution arising from the statute itself. ORS 14.035(1) limits application of the statute to causes of action, suit or proceedings which arise from the "enumerated" acts conferring jurisdiction. Personal jurisdiction in domestic relations suits is specifically controlled by subsection (2). The legislature has exercised its constitutional authority to enable the obtention of per-

[ 172 ]

sonal jurisdiction in a specific manner in dissolution cases and it should not be expanded by reference to other general language in the same section.

Affirmed.