On respondent's reconsideration filed April 13,
former opinion filed March 16 (51 Or App 275, 625 P2d 660),
reconsideration allowed; former opinon adhered to as modified June 1,
petition for review denied September 22, 1981 (291 Or 662)

# STATE ex rel STATE OF OKLAHOMA et al,
*Appellant,*

*v.*

# GRIGGS,
*Respondent.*

## (No. R 79-10-67800, CA 18021)

628 P2d 791

Harlow F. Lenon, Judge. Robert A. Bennett, of Willner, Bennett, Bobbitt & Hartman, Portland, for the petition.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

CAMPBELL, J. pro tempore.

## CAMPBELL, J.

Upon reconsideration, we withdraw that portion of our prior opinion in which we held that an Oregon court could not find an Oklahoma court's judgment void for want of jurisdiction unless a defect, apparent on the face of the judgment order, negated the Oklahoma court's recital of jurisdiction.

The validity of the Oklahoma decree in Oregon depends upon the jurisdictional due process afforded defendant by the Oklahoma court. *May v. Anderson,* 345 US 528, 537, 73 S Ct 848, 97 L Ed 1221 (1953); *Williams v. North Carolina,* 317 US 287, 63 S Ct 207, 87 L Ed 279 (1942). Unless the question of jurisdiction was "fully and fairly litigated and finally decided" in Oklahoma, *Durfee v. Duke,* 375 US 106, 111, 84 S Ct 242, 245, 11 L Ed 2d 186, 187 (1963), the full faith and credit clause of the federal constitution, U S Const Art IV, § 1, does not prevent an inquiry by the Oregon court into jurisdiction of the court of a sister state. *Williams v. North Carolina,* 325 US 226, 65 S Ct 1092, 89 L Ed 1577 (1945). The judgment in Oklahoma was by default, so the question of jurisdiction was not "litigated." Therefore, Oregon may properly consider the question of whether plaintiff exercised due diligence in attempting to locate her husband prior to serving him with notice publication.

Although the affirmative recital of jurisdictional facts contained in the record of the Oklahoma judgment does not bar inquiry by the Oregon court into the question of jurisdiction, *Williams v. North Carolina, supra,* 325 US at 234, the foreign judgment is nonetheless entitled to a presumption of validity, unless that presumption is rebutted by extrinsic evidence or by the record itself. *Adams v. Saenger,* 303 US 59, 58 S Ct 454, 82 LEd 649 (1938). Husband relies on *State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980), for the proposition that the burden of proving jurisdictional facts is upon plaintiff, the party asserting jurisdiction. This reliance is misplaced, because it is well settled that the burden of undermining the verity of a foreign decree rests upon the party attacking jurisdiction. *Esenwein v. Commonwealth of Pennsylvania,* 325 US 279, 65 S Ct 1018, 89 LEd 1608 (1945); *Williams v. North*

*Carolina, supra;* and *see Rodda v. Rodda,* 185 Or 140, 145, 200 P2d 616, 202 P2d 638, *cert denied* 337 US 946 (1949).

■ Husband did not introduce sufficient evidence to support his allegations that the Oklahoma judgment was not rendered in accordance with the requirements of due process. From a record as scant as the one before us, we cannot conclude that the Oklahoma court was incorrect in finding that wife exercised due diligence in searching for her husband and in concluding that "publication service given herein * * * [has met] * * * both statutory requirements and the minimum standards of both federal and state due process."

Former opinion adhered to as modified.