Argued and submitted September 10, affirmed November 7, 1984

In the Matter of the Marriage of
O'CONNOR, fka Lerner,
*Respondent,*
*and*

LERNER,
*Appellant.*

(S83-1023; CA A30252)

690 P2d 1095

Robert C. Moberg, Seaside, argued the cause for appellant. With him on the brief was Campbell, Moberg & Canessa, P.C., Seaside.

Robert E. Glasgow, Portland, argued the cause for respondent. With him on the brief was Glasgow & Kelly, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

### WARREN, J.

Wife initiated this proceeding against nonresident husband to modify a decree of dissolution insofar as it provided for the custody and support of their children. After the parties stipulated to an order modifying custody and visitation rights, the court entered a judgment allowing wife to recover the attorney fees she incurred in this proceeding. Husband appeals the award of attorney fees, claiming that the court lacked personal jurisdiction over him and accordingly could not enter a judgment imposing a monetary obligation. We find that husband appeared generally in this action and submitted himself to the personal jurisdiction of the court and therefore affirm the award of attorney fees.

The marriage was dissolved by a Montana decree which incorporated a separation agreement. One provision of the separation agreement stated:

"Should any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party."

The decree gave sole custody of the couple's two children to wife. That provision was later modified by a stipulation entered in the Montana court, which gave joint custody to the parties.

Subsequently, wife moved with the children to Oregon. She commenced this proceeding by registering the modified Montana decree in the Circuit Court of Washington County and moved to modify it with respect to custody, visitation, child support and medical bills and sought attorney fees incurred in this action. She also moved for and obtained a temporary restraining order enjoining husband from removing the children from her custody. Husband's Oregon attorney filed an acceptance of service. Husband then moved to dissolve the temporary restraining order on the ground that it did not comply with ORCP and for a writ of assistance to enforce his visitation rights under the decree. The court denied the motion to dissolve the restraining order but entered an order that granted husband visitation rights.

Husband then moved to dismiss wife's motion to modify the decree or, in the alternative, to strike that part of

her motion seeking modification of the child support provision. The court denied the motion to dismiss, holding that it had jurisdiction to modify custody and visitation provisions under the Uniform Child Custody Jurisdiction Act (UCCJA), but it granted his motion to strike, holding that it did not have personal jurisdiction over husband to modify the child support provisions of the decree.[1]

After that order, the parties entered into a stipulation modifying the decree as to custody and visitation "without prejudice to [wife's] right to seek an award of attorney's fees from [husband, to] be determined by this Court." The court awarded wife $2,500 for attorney fees, finding that it had personal jurisdiction over husband for that purpose. It is that determination from which husband appeals. He contends that, because the trial court concluded that it had no personal jurisdiction to alter child support, it likewise lacked personal jurisdiction to award attorney fees. He also contends that an award of attorney fees was not authorized by ORS 109.770(7), 109.780 or 109.850. We do not decide that question, because we conclude that the trial court had personal jurisdiction over him and that the award of fees is sustainable under the provisions of the decree.

■ A court may dissolve a marriage in an *ex parte* proceeding against a nonresident spouse, and it may also determine a custody dispute against a nonresident spouse over whom it cannot exercise personal jurisdiction. Without some act by the nonresident spouse which confers personal jurisdiction over him, such as consent or a general appearance in the action, the court may not enter an order affecting that spouse's monetary obligations or rights. *Estin v. Estin,* 334 US 541, 68 S Ct 1213, 92 L Ed 1561 (1948).

ORCP 21 provides that the defense of lack of personal jurisdiction may be asserted in a motion to dismiss and may be consolidated in a motion with other defenses assertable under rule 21. Objection to the court's exercise of personal jurisdiction is waived under ORCP 21G if not included in either a rule 21 motion or the responsive pleading. Before

---

[1] Wife has not filed a cross-appeal as to the part of the order striking her request to modify the child support provision.

moving to dismiss wife's motion for lack of personal jurisdiction, husband moved separately to dissolve a temporary restraining order and for a writ of assistance. Because these motions were not made under ORCP 21, husband did not waive the objection to personal jurisdiction under that rule; however, after invoking the power of the court to assist him in enforcing his visitation rights, husband may not contend he has not submitted to the personal jurisdiction of the court.

ORCP 4L provides that a court may exercise jurisdiction over a party in any manner not inconsistent with the Constitutions of Oregon and the United States. The comment to this rule indicates that the legislature intended to permit an exercise of jurisdiction which goes to the limit of the Due Process Clause of the Fourteenth Amendment. *See also State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 657 P2d 211 (1982). A state's exercise of personal jurisdiction over a nonresident defendant does not violate due process if there are sufficient contacts with the state so that its exercise of jurisdiction over him is fair. *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945).

> "* * * The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. * * *" *Hanson v. Denckla,* 357 US 235, 253, 78 S Ct 1228, 2 L Ed 2d 1283 (1958).

A defendant's contacts with the forum sufficient to confer personal jurisdiction on the court may occur during the litigation itself. Cases before the enactment of ORCP[2] discussed whether a defendant had appeared specially to challenge the court's personal jurisdiction, or generally in the action. *Belknap v. Charlton,* 25 Or 41, 34 P 758 (1893), is a leading case in Oregon defining the difference between a special appearance to challenge personal jurisdiction and a general appearance by which a defendant submits to the personal jurisdiction of the court. The court stated:

> "It is claimed by the plaintiffs that while a defendant may appear specially to object to the jurisdiction of the court over

---

[2] The comment to ORCP 21 indicates that "[t]his rule eliminates the concept of special appearance and motions to quash. * * *"

him on account of the illegal service of process, (*Kinkade v. Myers,* 17 Or. 470, 21 Pac. Rep. 557,) he must keep out of court for every other purpose, and that any appearance which calls into action the power of the court for any purpose except to decide upon its own jurisdiction, is a general appearance, and waives all defects in the service of process, and many authorities are cited to sustain this position. The principle to be extracted from the decisions on this subject is, that where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he has been regularly served with process, whether such an appearance by its terms be limited to a special purpose or not * * *. This seems to be a reasonable rule, and one which will adequately protect the rights of the parties, and it determines the effect of defendant's appearance from the nature of the relief which he seeks to obtain. If he asks the court to adjudicate upon some question affecting the merits of the controversy, or for some relief which presupposes jurisdiction of the person, and which can be granted only after jurisdiction is acquired, he will be deemed to have made a general appearance, and to have submitted himself to the jurisdiction of the court, and cannot, by any act of his, limit his appearance to a special purpose. * * *" 25 Or at 45.

*See also Thoenes v. Tatro,* 270 Or 775, 529 P2d 912 (1974); *Mills v. Feiock,* 229 Or 618, 368 P2d 327 (1962); *Chagnot v. Labbe,* 157 Or 280, 69 P2d 949 (1937).

■ Husband's appearances clearly afforded the court personal jurisdiction over him. When he moved to dissolve the temporary restraining order, he raised objections based on ORCP but did not object to the court's exercise of personal jurisdiction. In so doing, husband addressed the merits of an issue in controversy. He also moved for a writ of assistance, invoking the power of the court to aid in enforcing his visitation rights under the decree. Husband's request for affirmative relief in this action, which was at least partially granted, constituted a general appearance. Phrased in terms of the due process standard, in moving for a writ of assistance, husband invoked the benefits and protections of Oregon laws, and this is a sufficient contact to support the court's exercise of personal jurisdiction. Having thus acquired personal jurisdiction over husband, the court could properly award attorney

fees under the provision of the separation agreement set out above.

Affirmed. Costs to respondent.