Argued and submitted November 14, 1985, affirmed June 18, 1986

PACIFIC PROTECTIVE WEAR
DISTRIBUTING CO., INC.,
*Respondent,*

*v.*

BANKS et al,
*Defendants,*

*and*

BELI FASHIONS,
*Appellant.*

(8310-06462; CA A34729)

720 P2d 1320

Philip Bennett, Portland, argued the cause for appellant. On the brief was Robert L. McKee, Portland.

Daniel F. McNeil and Weiss, DesCamp, Botteri & Huber, Portland, filed the brief for respondent.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this action for breach of contract, Beli Fashions (Beli), a corporation, moved to set aside a judgment by default and later moved to "dismiss the case" for lack of personal jurisdiction. Beli appeals from an order denying the post-judgment motions. We affirm.[1]

Plaintiff's original complaint named only Banks and Higgins as defendants. Higgins is the president of Beli. An amended complaint was filed naming Beli as an additional defendant. It was served on the attorney for Banks and Higgins, and they appeared. On May 29, 1984, Higgins was personally served with a summons and the amended complaint[2] in North Carolina. The caption of the summons names only Beli and Higgins as defendants, and it is directed to "Will Higgins — Charlotte, North Carolina." The certificate of service states that the "summons and the [amended] complaint" were served on Higgins as "registered agent" for Beli. Beli made no appearance and in August, 1984, a default was entered, followed by a judgment by default.

On September 18, 1984, Beli moved to set aside the judgment on the grounds of "mistake, inadvertence, surprise or excusable neglect," ORCP 71B(1)(a), and "fraud, misrepresentation and other misconduct of the plaintiff." ORCP 71B(1)(c). No affidavit was filed in support of the motion. Accompanying the motion was Beli's answer containing a general denial and two affirmative defenses, neither of which alleged lack of personal jurisdiction. On November 20, 1984, and before the motion to set aside was decided, Beli filed a motion to dismiss, supported by Higgins' affidavit, claiming a lack of personal jurisdiction. Beli appeals from the order denying the motions.

Beli makes two assignments of error. The first is that the trial court abused its discretion when it denied the

---

[1] By order dated April 4, 1986, we granted leave to the trial court pursuant to ORCP 71A to enter a corrected judgment to dispose of the claims against defendants Banks and Higgins. The corrected judgment was entered, and an amended notice of appeal was filed.

[2] Although the summons and certificate of service refer to a "complaint" and not to an "amended complaint," Beli makes no claim that Higgins was not served with the amended complaint.

motions. The second claims that the trial court lacked personal jurisdiction, because of the insufficient summons.

■ One of the nettling difficulties is sorting out what issues were raised below and which of them are renewed on appeal. Beli rolls several issues into one ball and borrows from the affidavit annexed to the second motion to support the first motion. There is nothing in the record to indicate that the parties or the trial court considered the motions to be consolidated or that the second motion amended or supplemented the first motion; nor does Beli urge that to be the case.[3] Accordingly, we review the motions separately, and each must stand or fall on its individual record and merit.

■ We first consider the motion to set aside the judgment on the grounds enumerated in ORCP 71B(1)(a) and (c). On appeal, Beli renews only the "excusable neglect" ground in its summary of argument but not in the body of its brief. Without an affidavit in support of the motion, Beli has made no showing of excusable neglect. The trial court did not abuse its discretion when it denied the motion.[4]

■ We turn to the "motion to dismiss the case" for lack of personal jurisdiction. There is no such motion *after* judgment under ORCP. However, because the gist of the motion is the lack of personal jurisdiction (minimum contacts), we treat it as a motion to vacate a void judgment under ORCP 71B(1)(d). *State ex rel Karr v. Shorey,* 281 Or 453, 466, 575 P2d 981 (1978).

On appeal, Beli argues: There are insufficient minimum contacts, ORCP 4A and 4E(3); because it "made no appearance until the motions * * * were argued on January 11, 1981," it is entitled to a dismissal on the basis of ORCP 21A(2); and the court should exercise its inherent power under ORCP 71C and vacate the judgment. We do not reach the argument disputing jurisdiction, because Beli waived that

---

[3] The consolidation, waiver and preservation rules of ORCP 21F and ORCP 21G apply only to motions made under ORCP 21.

[4] Even if the trial court considered the affidavit in support of the second motion when it decided the first motion, there is nothing in the affidavit to excuse Beli's failure to appear between May 29, the date of service, and July 30, when Higgins became ill, except Higgins' statement that he did ·not discover that Beli was a defendant until after he became ill. That may be neglect, but it is not excusable. *See Lowe v. Institutional Investors Trust,* 270 Or 814, 818, 529 P2d 920 (1974).

defense when it moved first to set aside the judgment on the grounds of excusable neglect and fraud.[5]

■■ In *Thoenes v. Tatro,* 270 Or 775, 780, 529 P2d 912 (1974), the court explained the difference between a general appearance and a special appearance limited to testing the court's jurisdiction:

> "If the defendant appears and requests relief which can be granted *only* on the hypothesis that the court has jurisdiction, the appearance indisputably would be general and not special." (Emphasis in original.)

Although a defendant may now attack personal jurisdiction before trial as part of a general appearance, it must do so at the first opportunity. ORCP 21F, G(1). If it does not do so, it will have submitted to the court's jurisdiction. We believe the same rule applies to post-judgment motions. In the present case, the motion to set aside and the answer submitted with it did not question or dispute the court's jurisdiction. On the contrary, the motion presupposed the validity of the judgment. The only conclusion to be drawn is that Beli intended to submit itself to the court's jurisdiction when it filed the motion. We hold that the motion to set aside the judgment is a general appearance and that Beli waived the defense of lack of personal jurisdiction.

■■ The final ground of the motion to dismiss urged the trial court to exercise its inherent power to relieve Beli from the judgment. ORCP 71C. A court may only exercise its inherent power to vacate a judgment on a showing of "good and sufficient reasons." *Morphet v. Morphet,* 263 Or 311, 318, 502 P2d 255 (1972). Higgins' affidavit does not meet that standard. The trial court did not abuse its discretion by not invoking its inherent power.

■ The last assignment of error is that the trial court lacked personal jurisdiction, because of the insufficient summons. ORCP 7 governs the contents of a summons. ORCP 7C(1)(a) provides:

> "C.(1) The summons shall contain:
>
> "C.(1)(a) The title of the cause, specifying the name of

---

[5] The record does not reflect the trial court's reason for denying the motion to dismiss.

the court in which the complaint is filed and the names of the parties to the action."

Beli argues that, because the caption of the summons failed to name it as a defendant, the trial court lacked personal jurisdiction. Even assuming that the summons is fatally defective, *but see Lake Oswego Review v. Steinkamp,* 298 Or 607, 614 n 2, 695 P2d 565 (1985), the short answer is that Beli makes this argument for the first time on appeal. We will not consider it.

Affirmed.