Argued and submitted February 13, affirmed as modified June 14, reconsideration denied August 25, petition for review denied October 26, 1989 (308 Or 465)

In the Matter of the Marriage of

## HORN,
*Respondent,*

*and*

## HORN,
*Appellant.*

(D8409-66975; CA A48375)

775 P2d 338

Victor Calzaretta, Portland, argued the cause and filed the brief for appellant.

Richard B. Stinson, Jr., Beaverton, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, Joseph, Chief Judge,* and Edmonds, Judge.

GRABER, P. J.

---

* Joseph, C. J., *vice* Riggs, J.

## GRABER, P. J.

**1, 2.**     Husband, a resident of California, appeals from the denial of his motion to set aside a default judgment in this dissolution proceeding.[1] ORCP 71B(1)(d). He contends that the trial court lacked jurisdiction to adjudicate any personal claims against him.[2] We agree and modify the judgment accordingly.

The parties married in 1969. Two children, now ages 11 and 13, were born of the marriage. Husband is a special agent for the federal Drug Enforcement Administration. The family lived in Oregon before husband was transferred to California in 1981. When they relocated to California, they left behind no real or personal property in Oregon.

In 1984, the parties separated. Wife and the children returned to Oregon, where she filed for divorce in September of that year. Husband did not appear in the action, and in due course a default judgment was entered.[3] The judgment dissolved the marriage and awarded custody of the children to wife. Husband does not challenge those aspects of the judgment. The judgment also divided the parties' personal property and ordered husband to pay child support, share his pension benefits with wife, maintain specified insurance policies, and pay wife's attorney fees. Husband argues that the trial court lacked jurisdiction to enter those personal obligations against him. *See O'Connor and Lerner,* 70 Or App 658, 661, 690 P2d 1095 (1984).

ORCP 4 governs the exercise of personal jurisdiction. The portion of that rule providing for jurisdiction in certain domestic relations matters does not apply, because husband did not live in Oregon within one year of the date when wife filed the petition. ORCP 4K(2). Jurisdiction existed, if at all, under ORCP 4L, which extends the personal jurisdiction of Oregon courts to the maximum permitted by the federal and

---

[1] The order is appealable. ORS 19.010(2)(c).

[2] Husband did not waive, under ORCP 21G(1) or otherwise, the right to attack the judgment for lack of personal jurisdiction by defaulting. *See Pacific Protective Wear Dist. Co. v. Banks,* 80 Or App 101, 104-05, 720 P2d 1320 (1986).

[3] We do not address husband's second assignment of error, in accordance with his request made at oral argument.

state constitutions. US Const, Amend XIV; *see State ex rel Jones v. Crookham,* 296 Or 735, 740, 681 P2d 103 (1984).

**3.**      A state has jurisdiction over a nonresident if the nonresident has sufficient contacts with the forum state so that its exercise of jurisdiction comports with notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945). Those "minimum contacts" must include some act by which the defendant has purposefully availed himself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 US 235, 78 S Ct 1228, 2 L Ed 2d 1283 (1958). Wife bears the burden to allege and prove facts establishing jurisdiction in Oregon. *State ex rel Jones v. Crookham, supra.* Jurisdiction is a question of law, and we review it accordingly. *See Hackett v. Alco Standard Corp.,* 71 Or App 24, 33 n 7, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985).

In this case, husband has neither purposefully availed himself of the privilege of conducting activities in Oregon nor invoked the benefits and protections of our laws. He once lived in Oregon but has had virtually no contacts with the state since he moved to California in 1981. He owns no real or personal property here. Husband has communicated with wife about family matters, sent cards, letters and gifts, telephoned the children, and made support payments. He came to Oregon briefly in 1985 to visit his mother. During that visit, he drove through the neighborhood where the children lived and tried, unsuccessfully, to visit them. Those events are insufficient to establish jurisdiction.

Wife relies on *Hazen and Henderson,* 74 Or App 322, 702 P2d 1143 (1985), in which we found jurisdiction over a nonresident husband. We held that "[b]y visiting his [minor] child in Oregon, father has established a contact with this state relating to the custody of his child so that it is not unfair to require him to litigate the issue of that child's support in this forum." 74 Or App at 327. The father also had paid child support and communicated with the mother in Oregon about the child. 74 Or App at 327. Father would distinguish *Hazen* on the basis that he only attempted to visit his children. We decline to recognize that distinction and, instead, overrule *Hazen.* It does not comport with notions of fair play and

substantial justice to exercise jurisdiction over a nonresident spouse, for the purpose of adjudicating personal obligations, when the only contacts with the forum state are the payment of child support, communications by mail and telephone with and about the minor child, and occasional family visits. *See Kulko v. California Superior Court,* 436 US 84, 98 S Ct 1960, 56 L Ed 2d 132 (1978); *cf. In Re Marriage of Brown,* 154 Ill App 3d 179, 106 Ill DEC 927, 506 NE2d 727 (1987) (telephone calls from foreign state to forum state did not support *in personam* jurisdiction).

Judgment modified to delete paragraphs 3 through 8; affirmed as modified. No costs to either party.