Argued and submitted March 17, reversed and remanded on appeal with instructions
to dismiss; cross-appeal dismissed June 28, reconsideration denied August 25, petition
for review denied October 26, 1989 (308 Or 466)

In the Matter of the Marriage of

VAN ACKER,

*Respondent - Cross-Appellant,*

*and*

VAN ACKER,

*Appellant - Cross-Respondent.*

(88-1-CV; CA A48795)

775 P2d 921

Donald R. Crane, Klamath Falls, argued the cause for appellant - cross-respondent. With him on the briefs was Crane & Foltyn, Klamath Falls.

Richard L. Garbutt, Klamath Falls, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Husband appeals from a judgment modifying his child support obligation imposed by the original Alaska divorce decree. Wife cross-appeals. The sole issue is whether the Oregon court had *in personam* jurisdiction over him. We conclude that it did not and that his motion to dismiss should have been granted.

Husband and wife were married in Tulelake, California, in 1970. They never lived in Oregon during the marriage. In 1986, they were divorced in Alaska, where they both lived at the time. Husband has remained in Alaska; wife and their children first moved back to Tulelake but now reside in Oregon. Husband has paid child support to wife in Oregon, has made telephone calls from Alaska to the children and wife and has visited Oregon on one occasion, when he took his children from Tulelake to Merrill, Oregon, for a picnic at his brother's home. Husband was personally served in Alaska with the order to show cause issued, at wife's request, by the circuit court in Klamath County.

The issue is whether there has been some act by which husband purposefully availed himself of the privilege of conducting activities within Oregon. *Kulko v. California Superior Court,* 436 US 84, 98 S Ct 1690, 56 L Ed 2d 132 (1978). In *Kulko,* the Court held that California did not have the minimum contacts necessary for it constitutionally to exert jurisdiction over the husband in this kind of action. There, the husband and the wife were residents of New York. They married in 1959 in California during a three-day visit. In 1972, they separated, and the wife left New York with the children and moved to California. A separation agreement was drafted in New York. The wife went to New York to sign it and then took it to Haiti, where she had it incorporated into a Haitian divorce decree. The original agreement provided that the children would live with the husband during the school year and with the wife during vacations. The children later asked to live with the wife during the school year, and the husband consented. The wife thereafter filed an action in California seeking to establish the Haitian divorce decree as a California judgment, to modify the judgment to award her full custody and to increase child support. The United States Supreme Court concluded that it was not "fair and reasonable" for

California to assert personal jurisdiction over the husband, because he did not "purposely derive benefit from any activities relating to the State of California." 438 US at 96. Accordingly, it held that California, by asserting jurisdiction over the husband, had violated his right to due process under the Fourteenth Amendment.

The court reached that conclusion in spite of the facts that the parties were married in California, that they had agreed in the separation agreement that the children would live with the wife in California three months a year, that the husband sent them to California each year pursuant to the agreement and paid the wife child support for the three months the children lived with her and that he finally consented to the children living in California with the wife for nine months of the year. The facts here are less support for Oregon jurisdiction over husband than those in *Kulko* were for California jurisdiction.

Wife relies on *Hanzen v. Henderson,* 74 Or App 322, 702 P2d 1143 (1985). That case has been overruled. *Horn and Horn,* 97 Or App 177, 775 P2d 338 (1989).

Husband continues to be a domiciliary of Alaska, the marital domicile and the forum of the divorce. He did not purposely avail himself of any Oregon benefits by his actions. Because this case is substantially indistinguishable from *Kulko,* husband's motion to dismiss should have been granted.[1]

Reversed and remanded on appeal with instructions to dismiss; cross-appeal dismissed. Costs to husband.

---

[1] Because the court lacked jurisdiction over husband, we dismiss the cross-appeal.