In the Matter of the Marriage of

## RESNIK,
*Respondent,*

*and*

## RESNIK,
*Appellant.*

(86-124-NJ-1; CA A50782)

781 P2d 856

Jerry E. Gastineau, Medford, argued the cause and filed the brief for appellant.

Laurance W. Parker, Medford, argued the cause for

respondent. On the brief were Thad M. Guyer and Center for Nonprofit Legal Services, Inc., Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this dissolution of marriage case, husband appeals the order denying his motion to set aside portions of the judgment under ORCP 71B(1)(d), made on the ground that the court did not have personal jurisdiction of him. We reverse.

The only record is the trial court file, which includes wife's petition for dissolution and husband's motion to set aside the judgment. There are no affidavits submitted by husband, and apparently no evidence was presented by either party on the motion. The scant record shows that wife filed a petition for dissolution in Oregon on January 14, 1986. It recited that husband resided in Las Vegas, Nevada. He was personally served in Nevada on February 11, 1986, and wife obtained a default judgment on May 28, 1986. The judgment dissolved the marriage, distributed real and personal property, awarded' custody of the parties' child to wife and required husband to pay child support.

On September 26, 1988, husband filed a motion to set aside the judgment and a "Rule 21 Motion." In the motion he asserted that

"the file shows that [husband] was served in * * * Nevada on February 11, 1986. There is no indication that [husband] was ever served in the State of Oregon. That [husband] denies that he was a resident of the State of Oregon at the time that this proceeding was commenced."

The trial court ruled, on the basis of the documents in the file and husband's assertion that he was not a resident of Oregon, that

"[i]t would be inequitable in view of the totality of this situation to grant [husband's] motion on the State [sic] of the file herein."

Wife agrees that an Oregon court may not enter a personal judgment in a dissolution proceeding in the absence of personal jurisdiction over a party. *See Horn and Horn,* 97 Or App 177, 775 P2d 338 (1989); *O'Connor and Lerner,* 70 Or App 658, 690 P2d 1095 (1984); *Bryan and Bryan,* 28 Or App 169, 558 P2d 1288, *rev den* 278 Or 393 (1977). She argues, however, that, by his failure to appear and assert the defense of lack of jurisdiction, husband waived the defense. *See* ORCP 21G(1). She also contends that she was not required to plead

facts giving rise to personal jurisdiction over husband and that his failure to present evidence of lack of jurisdiction defeats his motion to set aside the judgment. In *Horn and Horn, supra,* we held, under procedurally similar circumstances, that the husband did not waive, under ORCP 21G(1), the right to attack the judgment for lack of personal jurisdiction by defaulting.

■     In her second argument, wife appears to contend that husband has the burden to prove lack of jurisdiction. She is incorrect. In *State ex rel Sweere v. Crookham,* 289 Or 3, 609 P2d 361 (1980), the court said that, when jurisdiction of the court is challenged, the "burden of coming forward with the 'jurisdictional facts' lies upon the party asserting jurisdiction." 289 Or at 7; *see also State ex rel Jones v. Crookham,* 296 Or 735, 681 P2d 103 (1984). Husband filed an appropriate challenge to the jurisdiction of the court to enter a personal judgment against him. Wife did not present any facts that would show that the court did have jurisdiction. She failed to carry her burden, and the court erred in denying husband's motion.

Husband does not challenge the entire judgment, only the portions that award a personal judgment against him. He did not specify which parts of the judgment he seeks to set aside. On remand, the trial court must determine which part of the judgment must be modified and enter an appropriate amended judgment.

Reversed and remanded for further proceedings not inconsistent with this opinion. No costs to either party.