Argued and submitted July 29, remanded with instructions in part; otherwise
affirmed December 4, 1996

## In the Matter of the Marriage of

Traci Vanhees OBEROI,
*Respondent,*

*and*

Vikramjit Singh OBEROI,
*Appellant.*

(95P-20141; CA A91083)

928 P2d 1007

Charles F. Hinkle argued the cause for appellant. With him on the briefs was Stoel Rives LLP.

Bradley C. Lechman argued the cause for respondent. With him on the brief were Sarah Geary Ottem and Gevurtz, Menashe, Larson & Yates, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

The question on appeal in this dissolution proceeding is whether Oregon courts have personal jurisdiction over husband, who is a citizen and resident of India, to enter a judgment affecting his monetary obligations or rights. The ultimate issue is whether husband has sufficient contacts with the state of Oregon to permit Oregon courts to exercise personal jurisdiction over him and to adjudicate his property rights or order him to pay spousal support.

The burden is on wife to allege and prove facts sufficient to establish jurisdiction over husband. *State ex rel Jones v. Crookham*, 296 Or 735, 738, 681 P2d 103 (1984). Wife's affidavits show the following facts: Wife is a citizen of the United States and grew up in Oregon. When the parties met in 1985, husband and wife were students in California. They were married in India in October 1989, and returned to California in December, where they lived until January 1990. In that month, they were married in a Catholic ceremony in California, and then moved to Australia, where they lived until the fall of 1991. They then moved to Bombay, India, where they conceived their only child. When wife was seven months pregnant, she returned to the United States and lived with her parents, in Salem, Oregon, until the parties' child was born on November 22, 1992. Husband visited Oregon for the birth of the child, staying from November 19 until December 23, 1992. Wife and the child remained in Salem until February 1993, when they moved to India. Husband, who owns an automobile that is in long-term storage in Portland, returned to Oregon in September 1993, and, with the exception of four days, remained until October 12, 1993.

In March 1994, wife and the child returned to Salem, where they have lived since. Husband had brief periods of visitation with the child between December 26 and December 30, 1994, in Salem. Thereafter, wife initiated this dissolution proceeding and in April 1995, husband was served with summons and the petition. Husband too has initiated legal proceedings, in India, seeking dissolution of the marriage and custody of the child. After the parties unsuccessfully

attempted to reach a negotiated settlement, wife moved for an order of default against husband.

The trial court issued a default judgment of dissolution, awarding wife custody of the child, spousal and child support, attorney fees and the additional sum of $350,000. Husband does not dispute the court's authority to dissolve the marriage or to award custody to wife. He challenges only the trial court's jurisdiction to enter the remainder of the judgment, which affects his "monetary obligations and rights."

In *O'Connor and Lerner*, 70 Or App 658, 661, 690 P2d 1095 (1984), we explained that

"[a] court may dissolve a marriage in an *ex parte* proceeding against a nonresident spouse, and it may also determine a custody dispute against a nonresident spouse over whom it cannot exercise personal jurisdiction. Without some act by the nonresident spouse which confers personal jurisdiction over him, such as consent or a general appearance in the action, the court may not enter an order affecting that spouse's monetary obligations or rights."

*See also Resnik and Resnik*, 99 Or App 56, 58, 781 P2d 856 (1989), *rev den* 309 Or 521 (1990). The relevant law, ORCP 4 (K)(2) and (L), provides that Oregon courts with jurisdiction over the subject matter have jurisdiction over a party

"under any of the following circumstances:

"* * * * *

"K(2). In any action to enforce personal obligations arising under ORS chapter 106 or 107 or ORS 124.005 to 124.040, if the parties to a marriage have concurrently maintained the same or separate residences or domiciles within this state for a period of six months, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before filing of such action; but if an action to enforce personal obligations arising under ORS chapter 106 or 107 or ORS 124.005 to 124.040 is not commenced within one year following the date upon which the party who left the state acquired a residence or domicile in another state or country, no jurisdiction is conferred by this subsection in any such action.

"* * * * *

"L.   Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

■   Wife's affidavits failed to allege facts necessary to establish the court's jurisdiction over husband pursuant to ORCP 4 K(2), because she did not show that the parties "concurrently maintained the same or separate residences or domiciles within this state for a period of six months[.]" Therefore, if jurisdiction exists to adjudicate husband's financial obligations, it must be pursuant to ORCP 4 L, which extends the personal jurisdiction of Oregon courts to the maximum permitted by the federal and state constitutions. *Horn and Horn*, 97 Or App 177, 180, 775 P2d 338, *rev den* 308 Or 465 (1989). To establish jurisdiction on the basis of ORCP 4 L, husband's contacts with Oregon after the parties' marriage must be such that he "purposefully availed himself of the privilege of conducting activities within Oregon, thus invoking the benefits and protections of our laws to an extent that it is fair and reasonable for an Oregon court to assert jurisdiction over him." *State ex rel Jones v. Crookham*, 296 Or at 738.

In *Horn*, a nonresident husband challenged the trial court's jurisdiction to award a money judgment against him in a dissolution proceeding. We ruled in favor of the husband, describing the pertinent jurisdictional facts as follows:

"In this case, husband has neither purposefully availed himself of the privilege of conducting activities in Oregon nor invoked the benefits and protections of our laws. He once lived in Oregon but has had virtually no contacts with the state since he moved to California in 1981. He owns no real or *personal property* here. Husband has communicated with wife about family matters, sent cards, letters and gifts, telephoned the children and made support payments. He came to Oregon briefly in 1985 to visit his mother. During that visit, he drove through the neighborhood where the children lived and tried, unsuccessfully, to visit them. Those events are insufficient to establish jurisdiction." 97 Or App at 180.

We then overruled *Hazen and Henderson*, 74 Or App 322, 702 P2d 1143 (1985), in which we had sustained jurisdiction over a nonresident husband on the basis of a visit to the child in Oregon and the payment of child support to the mother in Oregon, stating:

> "It does not comport with notions of fair play and substantial justice to exercise jurisdiction over a nonresident spouse, for the purpose of adjudicating personal obligations, when the only contacts with the forum state are the payment of child support, communications by mail and telephone with and about the minor child, and occasional family visits." 97 Or App at 180-81.

We reached a similar conclusion in *Van Acker and Van Acker*, 97 Or App 343, 775 P2d 921, *rev den* 308 Or 466 (1989), where we held that Oregon courts have no jurisdiction to modify the support obligation of a nonresident husband who merely paid child support to the wife in Oregon, made telephone calls to the children and wife in Oregon and visited the children in Oregon on one occasion. 97 Or App at 345.

■　　Our conclusions in *Horn* and *Van Acker* are equally applicable here, because the facts set out in wife's affidavits demonstrate a level of contact between husband and Oregon that is comparable to the contacts in *Horn* and *Van Acker*. Wife's affidavits show that the parties have never maintained a marital home in Oregon. Husband's primary contacts with the state in the six years between the parties' marriage in October 1989 and the entry of the judgment of dissolution in November 1995 consisted of four visits: a visit of short duration to wife's family in 1990; a visit of one month in 1992, when the child was born; a visit of five weeks in the fall of 1993; and a visit of four days in December 1994, after the parties had separated and during which husband helped wife select a place to live and a school for their child to attend. Those visits are exactly the kind of "occasional family visits" that we have held to be insufficient to establish jurisdiction to enter a money judgment against a nonresident spouse. *Horn and Horn*, 97 Or App at 180.

The one additional feature in this case is husband's storage of his car, which the parties appear to agree husband brought to Oregon to facilitate his visits. Although husband's

storage of the car in Oregon is indeed a contact with the state, *see State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 854 P2d 461 (1993), it is not a "minimum contact," as explained by the Oregon and United States Supreme Courts, so as to give rise to personal jurisdiction over husband in this dissolution matter for the purpose of affecting his monetary interests. "Minimum contacts" requires at the outset that the defendant " 'purposefully directed' its activities at residents of the forum state *and* * * * the litigation 'arises out of or relates to' those activities." *Pope*, 317 Or at 159 (quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 105 S Ct 2174, 85 L Ed 2d 528 (1985)). This litigation does not arise out of husband's storage of the car in Oregon. If this litigation had concerned the car and involved, for example, a claim for payment of storage charges, then the result might well be different. Here, there is no such connection. The fact that husband may have intended to use the car for his visits even after the dissolution[1] does not make the contact sufficient in the light of our conclusion that the visits themselves are inadequate to give rise to jurisdiction. The trial court lacked jurisdiction over husband to affect his monetary interests, and the personal obligations set out in the judgment against him are therefore void.

Because of our conclusion, we do not address husband's contention that Oregon courts lack jurisdiction to establish a support order pursuant to ORS 110.324.

Remanded to the trial court with instructions to delete from judgment Paragraph 7 (child support), Paragraph 8 (spousal support), Paragraph 9 (life insurance obligations), Paragraph 10 b and c (property settlement), Paragraph 11 (attorney fees), Paragraph 13 (delivery of personal property) and Paragraph 15 (summary of money judgment); otherwise affirmed. No costs to either party.

---

[1] That is not clear from the record.