Argued and submitted March 2, 2000, affirmed March 28, 2001

In the Matter of the Marriage of

Sonia Marlene ADAMS,
*Respondent,*

*and*

Stanley L. ADAMS II,
*Appellant.*

(16-98-14506; CA A106096)

21 P3d 171

Stacey Smith argued the cause for appellant. On the brief was Charles S. Spinner.

Marc D. Perrin filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits,* Chief Judge, and Wollheim, Judge.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

WOLLHEIM, J.

## WOLLHEIM, J.

Husband appeals from the trial court's denial of his motion to set aside a default judgment. Wife obtained a default judgment that (1) dissolved the parties' marriage; (2) adjudicated husband's personal property rights and obligations to wife and their children; and (3) awarded wife attorney fees. We affirm.

The parties were married in 1984 and have two children. The record is unclear regarding when the parties moved to Oregon, but by the early 1990s they had established Oregon residency. In 1995, husband moved to California to pursue employment opportunities and has lived and worked there since. Wife and children remained in Oregon. Husband frequently returned to Oregon to visit the family until mid-1998 when the frequency of his visits declined dramatically. Wife was a homemaker and the family relied solely upon husband's income to meet living expenses. The parties continuously shared joint checking and savings accounts at an Oregon bank. The record indicates that the parties filed California nonresident tax forms for 1995 and 1996. They listed the Oregon residence as their address. The parties also filed a 1996 Oregon tax form as full-year residents. That same year, husband purchased and registered a motorcycle in Oregon. Throughout the time period between 1995 and 1998, husband drove an automobile that was registered and insured in Oregon. Husband also continuously maintained his Oregon driver's license. In January 1998, husband and wife borrowed over $33,000 from an Oregon bank using the Oregon residence as collateral. Both husband and wife listed the Oregon residence as their address on the loan materials.

In August 1998, wife filed a petition for dissolution of the marriage. Wife did not attempt personal service on husband. Instead, wife attempted substituted service at what she believed was husband's work place. Several days before wife made substituted service at that place of employment, husband's employment there terminated.

In January 1999, the trial court granted wife's motion for entry of a default judgment of dissolution of marriage. The trial court also granted wife custody of the children, adjudged husband's child support and spousal support

obligations, determined husband's property rights and obligations, and awarded wife attorney fees. In March 1999, husband filed a motion to set aside the default judgment pursuant to ORCP 69 C and ORCP 71 C. Husband requested that the court set aside and delete those portions of the judgment that determined his personal and monetary obligations and rights. He did not challenge the dissolution and child custody portions of the judgment. The trial court denied husband's motion. Husband appeals, arguing on several different grounds that the trial court lacked personal jurisdiction to enter an order affecting his monetary obligations or rights.

 A trial court may dissolve a marriage and may determine custody of the parties' minor children in an *ex parte* proceeding against a nonresident spouse. *Oberoi and Oberoi*, 145 Or App 51, 54, 928 P2d 1007 (1996). However, without personal jurisdiction, a court is precluded from entering an order affecting a party's monetary obligations or rights. *O'Connor and Lerner*, 70 Or App 658, 661, 690 P2d 1095 (1984). The burden of alleging and proving facts that establish personal jurisdiction in Oregon falls upon the party initiating the dissolution proceeding—here, wife. *Horn and Horn*, 97 Or App 177, 180, 775 P2d 338, *rev den* 308 Or 465 (1989). Jurisdiction is a question of law that we review accordingly. *Hackett v. Alco Standard Corp.*, 71 Or App 24, 33 n 7, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985). Wife contends that the trial court had personal jurisdiction over husband pursuant to ORCP 4 K(2) or ORCP 4 L and that husband had proper notice of the dissolution action.

ORCP 4 K(2) provides that a trial court having subject matter jurisdiction also has personal jurisdiction in marital dissolution proceedings

"if the parties to a marriage have concurrently maintained the same or separate residences or domiciles within this state for a period of six months, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before filing of such action; but if an action to enforce personal obligations * * * is not commenced within one year following the date upon which the party who left the state acquired a residence or domicile in another state or country, no jurisdiction is conferred by this subsection in any such action."

From the record before us, we cannot conclusively determine whether wife commenced the dissolution of marriage action within one year after husband "left the state [and] acquired a residence or domicile" in California. Consequently, the trial court did not have personal jurisdiction under ORCP 4 K(2) to enter an order affecting husband's monetary rights.

ORCP 4 L provides that a trial court has personal jurisdiction

"[n]otwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

Thus, determining whether the trial court had personal jurisdiction over husband pursuant to ORCP 4 L requires applying principles established by decisions of the Supreme Court of the United States regarding the constitutionality of exercising jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 156, 854 P2d 461 (1993).

The initial inquiry under the Due Process Clause is whether husband has established "minimum contacts" in Oregon. *Sutherland v. Brennan*, 321 Or 520, 529, 901 P2d 240 (1995). To establish minimum contacts, husband must have created connections with Oregon sufficient to receive the benefits and protections of Oregon's laws to the extent that a presumption is established that it is reasonable for the state to require him to submit to the burdens of litigation here as well. *Id.* Consequently, the focus of the minimum contacts inquiry is upon the relationship among husband, Oregon, and the litigation. *State ex rel Michelin v. Wells*, 294 Or 296, 303, 657 P2d 207 (1982). If we conclude that husband has sufficient minimum contacts with Oregon, the inquiry continues by examining whether the exercise of jurisdiction by the trial court in this instance was reasonable, in light of several factors, and then by examining whether the exercise of jurisdiction comports with recognized notions of "fair play

and substantial justice." *State ex rel Circus Circus Reno, Inc.*, 317 Or at 159-60.

■ We conclude that husband had minimum contacts with Oregon. Husband and his family came to Oregon and established residency here. Husband and wife purchased property in Oregon and continue to own that property. When husband moved to California to pursue employment opportunities, wife and their children remained in Oregon. Husband and wife continuously shared joint bank accounts at an Oregon institution. His frequent visits over the years to Oregon were to see his family. For at least two years after leaving Oregon, husband continued to file personal income tax returns as an Oregon resident. During the time period at issue, husband maintained his Oregon driver's license and registered and insured a motor vehicle in Oregon. As recently as 1998, husband applied for and received a loan from an Oregon bank, using Oregon property owned by him and wife as collateral and listing the Oregon home as his residence. Those contacts were meaningful and significant. Importantly, they were established and maintained by husband so that he and his family would receive the benefits and protections of Oregon's laws.

Husband contends that his family visits to Oregon are insufficient to confer personal jurisdiction over him. He likens the facts here to those of *Oberoi* and *Horn* and urges us similarly to conclude that the court lacked personal jurisdiction over husband because of insufficient contacts. We decline to do so. In *Oberoi*, the husband, a resident of India, had never resided in Oregon, had visited the state on only four occasions to visit his children, and had stored a vehicle in the state for use during those visits. 145 Or App at 56. In *Horn*, the husband and family had once lived in Oregon, but subsequently moved to California. Several years later, the parties separated and the wife returned to Oregon and eventually filed for divorce. The husband owned no real or personal property in Oregon, and had virtually no contacts with the state. 97 Or App at 180. Here, husband has had prolonged, continuous and frequent contacts with Oregon that rise well above "occasional family visits." *Oberoi*, 145 Or App at 56. Husband's substantial contacts are not comparable to

the rare contacts that existed in *Oberoi* or *Horn* and, in this instance, rise to the level of minimum contacts.

Husband argues that the present litigation does not "relate to" or "arise out of" the contacts described above. *See State ex rel Michelin*, 294 Or at 301-03. We disagree. Husband purposefully established his family's residence in Oregon. Many of his contacts subsequent to his move to California were in furtherance of his role as husband and father and were to his personal benefit. He and his family continue to receive the benefits and protection of Oregon's laws. Therefore, the proceeding at issue here, the dissolution of a marriage, is related to the conduct that established husband's minimum contacts.

■ Husband also argues that, because he has moved to California, he is now a California resident and is no longer subject to the personal jurisdiction of Oregon's courts. Husband contends that domicile is a creature of intent, and he attempts to explain away facts such as his failure to register vehicles in California or to apply for a driver's license in that state as mere inadvertence. Although husband is correct that a determination of one's domicile must focus upon one's intent, *see Volmer v. Volmer*, 231 Or 57, 371 P2d 70 (1962) (actions of husband did not show an intent to acquire a domicile in Oregon), the conclusions he attempts to draw are incorrect. There is little evidence in the record, beyond husband's mere assertions, that he intended to relinquish his Oregon resident status. Indeed, it appears as if husband desired to have the benefits of both California residency and Oregon residency when it suited his purpose. For example, he asserts that he has considered California to be his permanent home "since at least 1996," yet in 1995 and 1996 he filed nonresident California tax forms and in 1998, when he applied for and received a loan from an Oregon bank, he listed his Oregon home as his residence. Regardless of husband's residency status, his contacts with Oregon were substantial before the filing of the dissolution proceeding. Those contacts were such that he should reasonably have anticipated being haled into court in Oregon. *State ex rel Oklahoma v. Griggs*, 51 Or App 275, 280, 625 P2d 660, *adhered to* 52 Or App 655, 628 P2d 791, *rev den* 291 Or 662 (1981).

 Because we conclude that husband has sufficient contacts with Oregon, we must inquire whether the exercise of personal jurisdiction by the trial court in the dissolution proceeding was reasonable. Reasonableness is determined by balancing the burden imposed upon husband to litigate in Oregon against several relevant factors: wife's interest in obtaining convenient and effective relief; Oregon's interest in adjudicating the dispute; the interstate judicial system's interest in obtaining the most efficient resolution of this controversy; and the shared interest of the several states in furthering fundamental substantive social policies. *State ex rel Circus Circus Reno, Inc.*, 317 Or at 157.

The burden husband faces litigating in Oregon includes increased costs, time, and inconvenience compared to litigating in California. However, that burden is directly offset by the fact that requiring wife to litigate in California, a forum where she has no other contacts, would merely shift the burden to her. Other factors also weigh in favor of litigating in Oregon. Oregon's interest in adjudicating this dispute is significant. The parties own property in Oregon that is the subject of this dissolution proceeding. The parties were residents of Oregon for several years and wife is still an Oregon resident. Moreover, the children remain residents of Oregon. Oregon's interest in providing a forum is substantial in another respect as well: if husband does not provide for the children and wife is unable to do so, the burden will fall upon the state of the residence to provide support for them. *Griggs,* 51 Or App at 281. The shared interest of the several states in furthering substantive social policies favors resolving disputes concerning child support in the state of the children's residence. *Compare* Interstate Family Support Act § 207, 9 ULA 291 (1996) (where child support orders exist by more than one tribunal with jurisdiction, an order issued by a tribunal in the current home state of the child controls and must be so recognized) *with* ORS 110.333(2)(b) *and* Cal Fam Code § 4911(b)(2) (West 2000). Finally, because the property is in Oregon, as are wife and the children, not only is Oregon the most efficient forum for resolving the dispute, but resolution of the dispute in Oregon will not infringe on interests more appropriately adjudicated in California's courts. We therefore conclude that, under the circumstances presented

here, it was not unreasonable for the trial court to assert personal jurisdiction over husband.

 The final due process inquiry is whether the exercise of jurisdiction by the trial court comports with traditional notions of fair play and substantial justice. Those notions include whether husband was given reasonable notice of the dissolution action. *Griggs*, 51 Or App at 278. Husband contends that service of process was insufficient because wife failed to attempt to serve notice at his residence before serving notice at his work place and, in any event, that service at his work place was insufficient because service occurred after his employment there had ended. Wife argues that husband failed properly to raise the sufficiency of notice issue below and, in the alternative, that service as effected was reasonably calculated, under all the circumstances, to apprise husband of the existence and pendency of the action and to afford him a reasonable opportunity to appear and defend.

We address wife's argument that husband failed to raise the issue of sufficiency of service to the trial court, because that argument is dispositive. Wife argues that husband did not specifically raise the issue of sufficiency of service in his initial motion to the court—rather, she contends that he raised it for the first time in his reply to wife's response—and, consequently, husband waived that defense. We agree.

ORCP 21 A provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (2) lack of jurisdiction over the person, * * * (5) insufficiency of summons or process or insufficiency of service of summons or process, * * *. The grounds upon which any of the enumerated defenses are based *shall be stated specifically and with particularity* in the responsive pleading or motion. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." (Emphasis added.)

Relevant to our analysis here, ORCP 21 A identifies and distinguishes as separate defenses, "lack of jurisdiction over the person" and "insufficiency of summons or process." That rule also requires that the grounds for each defense are to be stated specifically and with particularity. Furthermore, ORCP 21 G(1) provides that those two defenses, among others, are waived if they are not raised by motion or included in the first responsive pleading and that they specifically "shall not be raised by amendment."[1] In essence, ORCP 21 G(1) operates as a "raise it or waive it" requirement for the specified defenses.

■ Other factors are also relevant to our analysis here. We have held that the defense of lack of personal jurisdiction is not waived by defaulting. *See Horn,* 97 Or App at 179 (allowing husband's appeal of default judgment for lack of personal jurisdiction). In those instances where a party seeks relief from a default judgment, the provisions of ORCP 71 govern. ORCP 71 B(1)(d) provides that, on motion, the court may relieve a party from a judgment if the judgment is void.[2] We have previously held that the requirement of ORCP 21 G(1) that a defendant must attack personal jurisdiction at the first opportunity to do so or the defense is waived applies to post-judgment motions. *Pacific Protective Wear Dist. Co. v. Banks,* 80 Or App 101, 105, 720 P2d 1320 (1986). We now hold that the same is true for the ORCP 21 G(1) defense of insufficiency of service of summons or process. Therefore, the immediate issue here is whether husband raised the issue of

---

[1] ORCP 21 G(1) provides:

"A defense of *lack of jurisdiction over the person*, that there is another action pending between the same parties for the same cause, insufficiency of summons or process, or *insufficiency of service of summons or process*, is waived under either of the following circumstances: (a) if the defense is omitted from a motion in the circumstances described in section F of this rule, or (b) if the defense is neither made by motion under this rule nor included in a responsive pleading. The defenses referred to in this subsection shall not be raised by amendment." (Emphasis added.)

[2] Husband's motion cites ORCP 71 C, the provision for relief from judgment by other means, as the basis for his motion. Judgments awarded by courts lacking personal jurisdiction are void. *State ex rel Karr v. Shorey,* 281 Or 453, 466, 575 P2d 981 (1978). We therefore consider husband's motion as raised under ORCP 71 B(1)(d), the provision pertaining to void judgments. *See Pacific Protective Wear Dist. Co. v. Banks,* 80 Or App 101, 104, 720 P2d 1320 (1986) (defendant's "motion to dismiss the case" for lack of personal jurisdiction after judgment was rendered treated by the court as a motion to vacate a void judgment under ORCP 71 B(1)(d)).

insufficiency of service of summons or process at his first opportunity to do so.

■ In his motion to set aside the default judgment, husband argued only that the trial court lacked personal jurisdiction over him. The motion did not mention insufficiency of service of summons or process. Assuming, without deciding, that husband's memorandum of law or his affidavit in support of his motion are part of the motion, *but see Mulier v. Johnson*, 163 Or App 42, 48, 986 P2d 742 (1999), *rev allowed* 330 Or 252 (2000) (concluding that a supporting memorandum is not a "motion" for purposes of the ORCP), those documents do not aid husband. Husband referred only to lack of personal jurisdiction as a ground for vacating the default judgment only in his memorandum of law in support of the motion. In the affidavit in support of the motion, husband challenged the sufficiency of wife's service of process.[3] However, nowhere does the affidavit claim insufficiency of service, as a defense separate from lack of personal jurisdiction, as the basis for the motion to set aside the judgment. That affidavit, alone, does not meet the ORCP 21 A requirement that the grounds for the defense of insufficiency of service of process are to be "stated specifically and with particularity." Husband raised the argument that wife failed properly to serve notice of the lawsuit for the first time in his reply to wife's response. There, husband stated, specifically and with particularity, the grounds for that defense. However, because the reply was not husband's first opportunity to raise that defense to the trial court, husband waived it. Furthermore, because husband raises no other defenses that implicate fairness issues, we conclude that the trial court's exercise of personal jurisdiction comported with traditional notions of fair play and substantial justice.

To summarize, because a trial court may dissolve a marriage and determine custody of the parties' minor children in an *ex parte* proceeding against a nonresident spouse, *Oberoi*, 145 Or App at 54, and because husband does not contest those provisions of the default judgment, we affirm those

---

[3] Husband stated that he was "served by [s]ubstitute[d] [s]ervice at the employment where I use[d] to work. I was not working there at the time that they performed the service and only learned about it much later."

portions of the judgment pertaining to the dissolution of marriage and custody of the minor children. Furthermore, because husband purposefully established "minimum contacts" in Oregon and the trial court's exercise of personal jurisdiction over husband was reasonable and comported with recognized notions of fair play and substantial justice, we also affirm those portions of the judgment that adjudicate husband's personal property rights and obligations to wife and their children, as well as the award of attorney fees to wife.

Affirmed.