Submitted October 2, reversed and remanded December 16, 2015

In the Matter of the Marriage of

Katheryn J. VAUGHN,
nka Shirley V. Vaughn,
*Petitioner-Appellant,*
*and*

Donald J. VAUGHN,
*Respondent-Respondent.*

Lane County Circuit Court
159914910; A157678

365 P3d 620

James J. Kolstoe filed the brief for appellant.

Lynn Shepard filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DEVORE, J.

**DEVORE, J.**

Mother appeals a judgment entered after the trial court dismissed her motion to modify a judgment of dissolution of marriage. Mother filed the motion, under ORS 109.010, in an attempt to continue a child support award for the parties' adult child with mental disabilities. The trial court dismissed mother's motion for lack of personal jurisdiction over father. We reverse and remand.

The facts are undisputed. Mother and father were married in 1989. In February 1993, mother had a daughter, S, from another relationship. Father legally adopted S during the marriage. He and mother divorced in 2000. The judgment of dissolution, issued in Lane County, recited that the court had jurisdiction over both parties. At the time, father's sole income was Social Security Disability. The judgment granted mother sole custody of S and awarded $100 per month for child support until S "attains the age of eighteen * * *, dies, becomes emancipated, or until age 21 if [she] is a 'child attending school' as defined by ORS 107.108(4)." Father moved to Nebraska in 2002 and eventually gained employment.[1]

In June 2011, S graduated from high school and, beginning in the fall of 2011, enrolled full time in college courses at a state university. Due to medical issues, she could not finish the semester. In January 2012, she enrolled full time in community college courses.

In January 2014, when S was nearly 21 years old, mother filed a motion, requiring that father show cause why he should not have to pay child and medical support under ORS 109.010 "to continue so long [as] the adult child, [S], is poor and unable to work to maintain herself."[2] The motion bore the caption of the dissolution of marriage proceeding,

---

[1] In 2012, the Department of Justice Division of Child Support (DCS) initiated an administrative proceeding, seeking to modify the support order to require father to provide medical insurance coverage for S, increase his child support obligation, and pay medical support. The administrative law judge granted DCS's motion, concluding that S was a child under the age of 21, and enrolled as a full-time student, as required under ORS 107.108.

[2] ORS 109.010 provides, in part, that "[p]arents are bound to maintain their children who are poor and unable to work to maintain themselves[.]"

but the motion relied on statutory authority for child support that was no longer based in dissolution of the marriage. Mother contended that S was 20 years old, "approaching her 21st birthday, and [had been] diagnosed with Bipolar disorder, depression, impaired right-left hemisphere function in her brain and Attention Deficit/Hyperactivity Disorder." Given those circumstances, mother argued that father's financial support should continue because S had difficulty in school and could not find employment. *See Haxton v. Haxton,* 299 Or 616, 632, 705 P2d 721 (1985) (concluding that, under ORS 109.010, "a statutory duty of parental support exists and may be enforced in a direct action by [an adult child with a mental disability] against his parent").

Father responded, relying on ORCP 4 K(2), that the court did not have personal jurisdiction over him, and he moved for the matter to be dismissed.[3] Mother contended that the court had continuing personal jurisdiction over husband for the purposes of modifications of child support. The trial court entered a judgment dismissing the case.

Mother appeals that judgment, arguing that the court did not lose personal jurisdiction over father when he moved out of state. Father responds only to the merits of mother's underlying motion, asserting that mother impermissibly attempts to modify the dissolution of marriage judgment "by adding or establishing support for an adult child."

We write to address the initial and narrow question whether the court maintained personal jurisdiction over father under the captioned dissolution proceeding. We conclude that the trial court erred in dismissing the matter for lack of personal jurisdiction.

---

[3] ORCP 4 K(2) provides:

"In any action to enforce personal obligations arising under ORS chapter 106 or 107, if the parties to a marriage have concurrently maintained the same or separate residences or domiciles within this state for a period of six months, notwithstanding departure from this state and acquisition of a residence or domicile in another state or country before filing of such action; but if an action to enforce personal obligations arising under ORS chapter 106 or 107 is not commenced within one year following the date upon which the party who left the state acquired a residence or domicile in another state or country, no jurisdiction is conferred by this subsection in any such action."

"Oregon courts have jurisdiction to modify child and spousal support orders." *Daly and Daly*, 228 Or App 134, 140, 206 P3d 1189 (2009) (citing ORS 107.135(1); ORS 110.426 to 110.436). Under ORS 110.327,[4]

"(1) A tribunal of this state issuing a support order consistent with the laws of this state has continuing, exclusive jurisdiction over a child support order:

"(a) As long as this state remains the residence of the obligor, the individual obligee or the child for whose benefit the support order is issued; or

"(b) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction."

Thus, absent consent of all affected parties, a court's jurisdiction to modify a child support order continues, as long as the obligor, the obligee, or the child remains a resident of Oregon. *State of Oregon DCS v. Anderson*, 189 Or App 162, 169-70, 74 P3d 1149, *rev den*, 336 Or 92 (2003) (ORS 110.327(1) includes the court's authority to modify a previous support order). As we have recited, "'the issuing tribunal retains continuing, exclusive jurisdiction over a child support order, except in very narrowly defined circumstances.'" *Id.* at 170 (quoting Commentary to Uniform Interstate Family Support Act (1996), *reprinted in* 32 Family LQ 385, 433-34 (1998)).

In this case, S remained an Oregon resident, and the parties did not file written consents for another state's tribunal to modify the child support order. On appeal, father acknowledges that continuing, exclusive jurisdiction exists to the extent that an Oregon court has "authority to modify the underlying judgment." And, father makes no attempt in this court to defend his prior contention that ORCP 4 K(2) applies to circumstances in which an Oregon court has already established jurisdiction for a domestic relations proceeding. To the extent that the trial court could have relied on that argument, it would be in error because ORCP 4 K(2)

---

[4] This statute will remain in effect until January 1, 2016. *See* Or Laws 2015, ch 298, § 80 (repealing ORS 110.327).

applies to the commencement of a domestic relations proceeding. *See, e.g., Adams and Adams*, 173 Or App 242, 246, 21 P3d 171 (2001) (concluding that the trial court did not have personal jurisdiction because the record did not reveal whether wife commenced the dissolution of marriage action within one year of husband's departure from the state).

Personal jurisdiction continues for a motion that is captioned in relation to the dissolution judgment, but we do not imply, nor decide, that it is proper to seek relief under ORS 109.010 as if it were a matter modifying a past dissolution judgment. *See* ORS 107.135(1)(a) (vacation or modification of a judgment for "minor children and * * * children attending school"). Nor do we decide whether it might be necessary for a party to initiate a separate proceeding to seek support for an adult child under ORS 109.010 and, necessarily, effect anew personal jurisdiction for that proceeding. Insofar as this record reflects, the trial court dealt only with personal jurisdiction for a continued proceeding in the dissolution case, and it did not reach the question of the court's authority to grant the relief sought in the context of the dissolution.

We conclude that, under this captioned proceeding, the court erred in dismissing mother's motion for lack of personal jurisdiction over father.

Reversed and remanded.